**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1068-23

DOUGLAS F. CIOLEK, ESQ.,

    Plaintiff-Respondent,

v.

TOWNSHIP OF ROXBURY,

    Defendant-Appellant.

_____

Argued December 17, 2024 – Decided March 7, 2025

Before Judges Gilson, Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0668-22.

James T. Bryce argued the cause for appellant (Murphy McKeon, PC, attorneys; James T. Bryce, on the briefs).

Douglas F. Ciolek, respondent, argued the cause pro se.

Carl R. Woodward, III, argued the cause for amici curiae New Jersey State League of Municipalities and New Jersey Institute of Local Government Attorneys (Carella Byrne Cecchi Olstein Brody & Agnello, PC, attorneys; Carl R. Woodward, III, on the brief).

Michael S. Carucci argued the cause for amicus curiae Municipal Clerks' Association of New Jersey, Inc. (Sills Cummis & Gross, PC, attorneys; Michael S. Carucci, on the brief).

PER CURIAM

This litigation, involving the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, returns to us following a remand.  See Ciolek v. Twp. of Roxbury, No. A-3729-21 (App. Div. July 26, 2023).  We remanded the matter to the trial court and instructed the trial court "to undertake the necessary in camera inspection to enable [the trial court] to exercise [its] role in assuring that documents and information are not improperly withheld under OPRA."  Id. at 11.

Following the remand, defendant Township of Roxbury (Township) appeals from an October 27, 2023, order granting plaintiff Douglas F. Ciolek Esq.'s (Ciolek) motion to amend the prior order of August 15, 2023, granting his request for attorney's fees in the amount of $3,765, and denying the Township's cross-motion for reconsideration.  On appeal, the dispute centers on whether the trial court improperly found that the OPRA request seeking police reports and notes is to be treated as a request for information under N.J.S.A. 47:1A-3(b).

Based on our review of the issues on remand, we affirm for the cogent reasons provided by the trial court in its written decision accompanying the

2

October 27, 2023, order. We add only the following comments, particularly to underscore that neither the trial court nor we are expanding the role of a records custodian to review exempt OPRA documents for information that is not exempt under N.J.S.A. 47:1A-3(b).

I.

We incorporate the facts from our prior unpublished decision, recounting those facts relevant to this appeal. On April 1, 2022, Ciolek submitted an OPRA request for "[a]ll police reports + notes relating to" two individuals and one location. On April 19, 2022, Ciolek filed a verified complaint, alleging the Township's denial of his request for the investigation reports violated N.J.S.A. 47:1A-3(a). Ciolek also alleged that even if the Township's investigative reports related to a criminal investigation, the Township was "still obligated" to turn over at least part of the investigative reports pursuant to N.J.S.A. 47:1A-3(b).

On July 11, 2022, the trial court conducted a hearing and addressed the issue of standing, as well as the merits of the request. Ciolek argued that because the request involved a criminal investigation, another part of the statute, namely N.J.S.A. 47:1A-3(b), was implicated. Moreover, Ciolek argued that he should be "entitled to what [s]ubsection 3[b] allows . . . immediately." The trial court noted that Ciolek made "very clear" what information he was seeking and

3

suggested that counsel confer after the proceeding to see if there could be "a meeting of the minds . . . ."

Following oral argument, the trial court issued an order on August 1, 2022, with an accompanying statement of reasons, granting judgment in favor of the Township. This order was the subject of the prior appeal, which we addressed in our July 26, 2023 unpublished decision. Ciolek, slip. op. at 5. As we noted, Ciolek contended that the trial court erred in refusing to order disclosure of non-exempt portions of the Township's two criminal investigation reports because his OPRA request "did not seek that information, only records." Id. at 5. We held that "[b]ecause we [were] unable to review the contents of the two criminal investigatory reports, we remand[ed] to the trial court for an in camera review to ascertain whether the documents include information that is exempted under OPRA." Id. at 10.

In compliance with our remand, the trial court conducted an in camera review of the one-page document and in an August 15, 2023, order directed that "the following information from the Investigatory Report of February 7, 2019, which was previously withheld by the Township . . . as not eligible for disclosure under OPRA, shall hereby be produced: '[i]nformation as to the type of crime

4

[investigated], time, location and type of weapon, if any.'" N.J.S.A. 47:1A-3(b) (second alteration in original).

Ciolek then filed a notice of motion to modify the August 15, 2023, order and to award attorney's fees. The Township objected and filed a cross-motion seeking reconsideration of the August 15, 2023, order. In an October 27, 2023, order, the trial court granted Ciolek's motion as modified and awarded attorney's fees in the amount of $3,765 and denied the Township's request for reconsideration.

In granting Ciolek's request for attorney's fees, the trial court found that Ciolek made the OPRA request "in connection with his defense of clients in two matters in litigation," and the actions were pending when Ciolek "filed the instant complaint." In analyzing the RPC 1.5(a) factors, the trial court concluded that the fees sought in connection with the "12.6 hours for trial court proceedings" at an hourly rate of $275 were reasonable for the legal services performed. The trial court excluded time related to the "instant motions" and the appeal in this case.

Regarding its motion for reconsideration, the Township argued that the trial court "inappropriately expand[ed] the role of the records custodian" – an argument which the trial court rejected. The trial court stated: "[t]he [c]ourt's

holding in this matter is limited to the unique facts of this case, in conjunction with the Appellate Division's decision on remand, and it does not create a new standard for records custodians under OPRA." This appeal followed.

We granted leave to the New Jersey State League of Municipalities, New Jersey Institute of Local Government Attorneys, and the Municipal Clerks' Association of New Jersey, Inc. to file amici briefs.

## II.

On appeal, the Township primarily contends that no OPRA violation occurred because there was no specific request for information made to the Township's custodian of records. Therefore, the trial court erred by granting attorney's fees to Ciolek as a prevailing party, which "ipso facto" determined that the Township improperly denied Ciolek access to information under N.J.S.A. 47:1A-6 and the custodian committed an OPRA violation. More specifically, the Township asserts: (1) there was no improper denial of access under N.J.S.A. 47:1A-3(b) because a request for information was not made to the custodian; (2) a custodian of records is not required to autonomously provide information pursuant to N.J.S.A. 47:1A-3(b) when denying access to an exempt criminal investigatory record under OPRA in responding to a records request; and (3) it was error for the trial court to find Ciolek a prevailing party and award

A-1068-23

attorney's fees because the Township's custodian complied with OPRA, and there was no denial of access.

In response, Ciolek counters that the Township's argument that his OPRA request was improper because it did not request information—only records—was not raised in the trial court and therefore should not be considered by this court.

The amici urge us to reverse the trial court's decision out of concern that the ruling will unduly burden records custodians to search out "information" absent a specific request and expose a public entity to counsel fees and penalties under OPRA. Amici New Jersey State League of Municipalities and New Jersey Institute of Local Government Attorneys contend that OPRA does not require a records custodian to conduct a search for "information" that has not been set forth in the OPRA request.

In this case, because Ciolek did not request "information" under N.J.S.A. 47:1A-3(b), he should not have been deemed a prevailing party in the litigation and granted attorney's fees. Similarly, in seeking reversal of the trial court's decision, the Municipal Clerks' Association of New Jersey, Inc., requests we "hold that a records custodian or other official need not examine an exempt

A-1068-23

criminal investigatory record and release information available under N.J.S.A. 47:1A-3(b) absent a specific request for such information."

We review a trial court's award of attorney's fees for an abuse of discretion and disturb that award "only on the rarest occasions." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)) (internal quotation marks omitted). Likewise, we review a trial court's decision on reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).

However, to the extent a trial court's decision involves legal conclusions, those decisions are subject to de novo review. O'Shea v. Twp. of W. Milford, 410 N.J. Super. 371, 379 (App. Div. 2009) (citing MAG Ent., LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 543 (App. Div. 2005)). In particular, "[t]he trial court's determinations with respect to the applicability of OPRA are legal conclusions subject to de novo review." Ibid. Appellate courts "are mindful of the Legislature's direction that OPRA shall be construed in favor of the public's right of access" and "imposes on public agencies the burden of proving that the denial of access is authorized by law." Simmons v. Mercado, 247 N.J. 24, 38–39 (2021) (quoting Paff v. Ocean Cnty. Prosecutor's Off., 235 N.J. 1, 16 (2018)) (internal quotations marks omitted).

Two provisions of OPRA are at issue in this matter: N.J.S.A. 47:1A-1.1, which exempts from public disclosure "criminal investigatory records," and N.J.S.A. 47:1A-3(a) which allows access to "[r]ecords of investigation[s] in progress." Subsection (b) of N.J.S.A. 47:1A-3 permits certain "information concerning a criminal investigation . . . [to] be available to the public within [twenty-four] hours or as soon as practicable, of a request for such information . . . ." In those situations, "where a crime has been reported but no arrest yet made," OPRA mandates disclosing "information as to the type of crime, time, location and type of weapon, if any," whereas "if an arrest has been made," the agency must disclose "information as to the defendant's name, age, residence, occupation, marital status and similar background information and, the identity of the complaining party unless the release of such information is contrary to existing law or court rule." N.J.S.A. 47:1A-3(b).

There is no dispute that Ciolek's initial OPRA request only requested records and notes and did not specify what information was requested. However, in Ciolek's verified complaint filed on April 19, 2022, he clearly requested "information" pursuant to N.J.S.A. 47:1A-3(b). As we previously noted, the complaint alleged that "even if the Township's investigative reports related to a criminal investigation, the Township was 'still obligated' to turn over

A-1068-23

at least part of the investigative reports pursuant to N.J.S.A. 47:1A-3(b)." Ciolek, slip. op. at 4. Moreover, during the July 11, 2022, hearing, the trial court confirmed that Ciolek was seeking records and information regarding two individuals during the specified dates.

Because Ciolek's verified complaint and subsequent clarification on the record made clear the information being sought, the Township was on actual notice of the request, and given our instructions on remand, the trial court did not err in ordering its disclosure. These unique circumstances do not in our view give rise to an expansion of the role of records custodians by requiring a review of exempt documents for non-exempt information as expressed by the Township and amici.

Turning next to the award of attorney's fees, we note that Ciolek's verified complaint sought attorney's fees in its prayer for relief. In the October 27, 2023, order, the trial court concluded that Ciolek was entitled to reasonable fees as the prevailing party. Ciolek requested fees for 55.8 hours of legal work performed on this matter. However, the trial court rejected this total and found 12.6 hours for legal work performed for the "trial court proceedings before the instant motions" more reasonable. Thus, the trial court awarded fees for 12.6 hours

A-1068-23

only at Ciolek's hourly rate, together with costs of $300, for a total award of $3,765.

Under OPRA, "[a] requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A-6. The statute, recently amended effective September 2024, no longer mandates an award of attorney's fees to an OPRA requestor, but rather, makes an award of fees discretionary. Because "[i]t is well established that 'statutes generally should be given prospective application,'" and the effective date of the amendment occurred after the trial court's order awarding fees, we do not apply the statute retroactively. James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 563 (2014) (quoting In re D.C., 146 N.J. 31, 50 (1996)).

In determining whether a requestor has prevailed and is entitled to fees under OPRA, "New Jersey law has long recognized the catalyst theory." Mason v. City of Hoboken, 196 N.J. 51, 73 (2008). "[A]bsent a judgment or an enforceable consent decree," a requestor is entitled to fees, "when they can demonstrate" this two-part test: "(1) 'a factual causal nexus between plaintiff's litigation and the relief ultimately achieved' and (2) 'that the relief ultimately secured by plaintiffs had a basis in law.'" Id. at 76 (quoting Singer v. State, 95 N.J. 487, 494 (1984)).

In awarding attorney's fees, the trial court found Ciolek was the prevailing party because he "receive[d] relief as a result of the litigation under OPRA . . . ."  Pursuant to his verified complaint and consistent with our instructions on remand, Ciolek received the non-exempt information he sought.  While the records custodian did not fail to respond appropriately to the OPRA request, once the complaint was filed enumerating the non-exempt information sought, and it was subsequently provided pursuant to court order following the trial court's in camera review, Ciolek prevailed in securing, in part, the relief sought.  Thus, we discern no error or abuse of discretion in the trial court's decision to award attorney's fees and costs relative to this matter.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1068-23